BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**AMY E. POTTER**
Assistant United States Attorney
Amy.Potter@usdoj.gov
405 E. 8th Ave., Ste. 2400
Eugene, Oregon 97401
Telephone: (541) 465-6771
Attorneys for the United States

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 6:15-CR-00348-AA |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| DANIEL FELMAN, | Sentencing Date: June 15, 2017 at 10:00 a.m. |
| Defendant. | |

The United States of America, by and through Billy J. Williams, United States Attorney for the District of Oregon, and Amy E. Potter, Assistant United States Attorney, hereby submits this sentencing memorandum in anticipation of the sentencing of Daniel Felman on June 15, 2017. Defendant Felman pleaded guilty to one count of possession of child pornography on April 5, 2017. The government is recommending a sentence of 63 months' imprisonment with ten years of supervised release to follow.

### I. FACTUAL BACKGROUND

The facts underlying this case are detailed in the Presentence Report and the United States concurs with the offense conduct description. (PSR ¶¶ 10-35).

In 2015, local law enforcement determined that a user, later identified as defendant Felman, was trading child pornography on a peer-to-peer network. (PSR ¶¶ 10, 19, 22). At the time, defendant was living in Corvallis, Oregon and a search warrant was obtained for his apartment. (PSR ¶¶ 22-23). Multiple electronic devices were seized from the residence. (PSR ¶ 25). After forensic review, investigators determined that defendant had over 100,000 images of child pornography and 800 video files containing child pornography. (PSR ¶ 33). Defendant Felman admitted to downloading and sharing child pornography. (PSR ¶ 26). He started downloading child pornography prior to 2013 when he moved to Corvallis and knew that he was sharing the child pornography using the peer-to-peer software. (PSR ¶ 26-28).

## II.   GUIDELINES CALCULATIONS

The parties agree that the following guideline calculation apply in defendant's case:

| | | |
|---|---|---|
| (1) | USSG § 2G2.2(a)(2) – Base Offense Level | 18 |
| (2) | USSG § 2G2.2(b)(2) – images w/ minor <12 | 2 |
| (3) | USSG § 2G2.2(b)(3)(F) – distribution | 2 |
| (3) | USSG § 2G2.2(b)(4) – sadomasochistic behavior | 4 |
| (4) | USSG § 2G2.2(b)(6) – use of computer | 2 |
| (5) | USSG § 2G2.2(b)(7)(D) – more than 600 images | <u>5</u> |
| | **Base Offense** | 33 |
| (6) | USSG § 3E1.1 – Acceptance of Responsibility | <u>- 3</u> |
| | **Total Offense Level** | **30** |

Defendant is a criminal history category I, resulting in a guideline range of 97-120 months' imprisonment. The government is also recommending a 4-level variance, reducing the low-end guideline range to 63 months' imprisonment.

## III.    SENTENCING RECOMMENDATION

The government is recommending a 63-month sentence.  Probation recommends 36 months' imprisonment.  The government believes that the defense will ask for a probationary sentence.[1]  The government understands these recommendations and that defendant has significant mental health issues, but the government continues to believe that a term of imprisonment is appropriate for these types of cases.

The government's recommendation is a reasonable sentence in this case.  Defendant is a young adult with no prior criminal history and mental health issues, but he is also extremely intelligent.  He should have understood the horrific acts that resulted in the images he was trading.  The volume of images—over 100,000 images and 800 videos—demonstrates that defendant actively sought out child pornography over many years and hoarded it.  Recognizing his age and mental health issues, the government did not insist on a mandatory minimum.   But, again, the government continues to recommend a term of imprisonment.

## IV.    RESTITUTION

One victim submitted restitution request in this case, but it was later withdrawn.  The government will notify the Court if any updated request are received.

/////

/////

/////

/////

////

---

[1] If the Court decides not to impose a term of imprisonment, the government request that the Court order a time-served sentence and impose a minimum of ten years of supervision.

## V. CONCLUSION

A 63-month term of imprisonment with a ten-year term of supervised release is appropriate in this case.

Dated this 7th day of June 2017.

        Respectfully submitted,

        BILLY J. WILLIAMS
        United States Attorney

        s/ *Amy E. Potter*
        AMY E. POTTER
        Assistant United States Attorney